IN FEDERAL DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JU MAO,<br><br>        Plaintiff,<br><br>    v.<br><br>FOREST MITCHELL BRIGHT,<br><br>        Defendant. | No. 3:22-cv-201<br><br>**COMPLAINT FOR BREACH OF THE USCIS FORM I-864 AFFIDAVIT OF SUPPORT UNDER SECTION 213A OF THE IMMIGRATION AND NATIONALITY ACT** |

## I. INTRODUCTION

1. This is a lawsuit for immigration financial support under the United States and Immigration Services Form I-864, Affidavit of Support Under Section 213A of the Immigration and Nationality Act ("Affidavit of Support").

2. The Affidavit of Support was created by the United States Congress in 1996 to ensure that family-sponsored immigrants are ensured a basic level of

financial wellbeing, sufficient to meet the most basic needs of life.

3. In mandating the Affidavit of Support, Congress required visa petitioners, rather than the American people, serve as a financial safety net to new immigrants.

4. The Affidavit of Support is a legally binding contract between the sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

5. Plaintiff Ju Mao is the beneficiary of one Affidavit of Support signed by her estranged husband, Defendant Forest Mitchell Bright.

6. Mr. Bright served as Ms. Mao's immigration sponsor, and then failed to provide Ms. Mao with the basic level of income support promised in the Affidavit of Support that he signed.

7. This lawsuit seeks to compel Mr. Bright to fulfill the financial duty mandated by the Affidavit of Support and associated federal law.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act *See* 8 U.S.C. § 1183a(e)(I).

9. This Court has personal jurisdiction over Mr. Bright as, by signing an Affidavit of Support, he submitted to the jurisdiction of any court with subject matter jurisdiction over Plaintiff's claims. 8 U.S.C. § 1183a(a)(1)(C).

10. Venue is proper in this District as Mr. Bright resides in this District, to wit, in Greene County, Ohio. 28 U.S.C. § 1391(b)(1).

11. Venue is further proper in this District as a substantial part of the events or omissions giving rise to the claims occurred in this District, to wit, the damages Ms. Mao suffered by virtue of the Defendant's breach of contract. 28 U.S.C. § 1391(b)(2).

### III. PARTIES

11. Plaintiff Ju Mao is a citizen of the People's Republic of China and lawful permanent resident ("Resident") of the United States of America.

12. Ms. Mao resides in Springfield, Ohio.

13. Defendant Forest Mitchell Bright is a citizen of the United States of America and is the Plaintiff's former spouse.

14. As further alleged below, Mr. Bright served as the Plaintiff's immigration sponsor by executing an Affidavit of Support, thereby contractually promising to provide a specified level of income to the Plaintiff.

[The remainder of this page is left blank]

# IV. FACTUAL ALLEGATIONS

**Background concerning the Affidavit of Support.**

15. Since 1882 federal law has excluded the immigration of individuals considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

16. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

17. The Affidavit of Support is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. *See* 8 U.S.C. § 1182(a)(4)(C).

18. The only family-based immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit: (A) self-petitioners under the Violence Against Women Act; (B) grandfathered immigrants with petitions pending prior to December 19, 1997; (C) those who have worked and/or may be credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act; (D) a child admitted under 8 U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1); and (E) a child who will automatically acquire citizenship under 8 U.S.C. § 1431.

19. The Affidavit of Support has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

20. Once executed, the Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. § 1183a(a)(1)(B).

21. By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. 8 U.S.C. § 1183a(a)(1)(A).

22. As used in the Affidavit of Support, 8 U.S.C. § 1183a, and 8 C.F.R. Part 213a, "income" means an individual's total income (or adjusted gross income for those who file IRS Form 1040EZ) for purposes of the individual's U.S. Federal income tax liability, including a joint income tax return. 8 C.F.R. § 213a.1.

23. The Federal Poverty Guideline ("poverty line") is published annually in the Federal Register by the Department of Health and Human Services. *See*, *e.g.*, Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022).

24. In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based on the poverty line in effect for that year according to the individual's U.S. state of residency.

25. The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1183a(a)(1)(B); 8 C.F.R. § 213a.2(d).

26. Per 8 C.F.R. § 213a.4(a)(2) a sponsored immigrant is not required to make any demand for payment from a sponsor prior to commencing a lawsuit to enforce the sponsorship obligation under the Affidavit of Support.

27. By signing the Affidavit of Support, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Affidavit of Support. 8 U.S.C. § 1183a(a)(1)(C).

28. By signing the Affidavit of Support, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Affidavit of Support and agrees freely and without any mental reservation or purpose of evasion to accept ach of those obligations in order to make it possible for the immigrant(s) listed in the Affidavit of Support to become lawful permanent residents of the United States.

29. The Affidavit of Support sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form I-865. *See* 8 U.S.C. § 1183a(d).

30. A sponsor's duties under the Affidavit of Support commence when the beneficiary becomes a Resident based on and application that included the Affidavit of Support.

31. An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract.[1]

---

[1] The term "Terminating Event" is not a term of art under the Immigration and Nationality Act, and is used here to refer collectively to the legal events that conclude the sponsor's obligations under the Affidavit of Support.

COMPLAINT – Page 6

32. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary becomes a U.S. citizen (the "First Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(A).

33. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). 8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B).

34. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(C).

35. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(D).

36. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary dies (the "Fifth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(E).

37. An Affidavit of Support is considered executed once it is signed and submitted to either USCIS or the Department of State in support of an intending immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).

38. Once executed, the Affidavit of Support becomes a binding contract between the sponsor and the United States government for the benefit of the sponsored immigrant. 8 C.F.R. § 213a.2(d).

39. A sponsor's support obligation under the Affidavit of Support commences when an intending immigrant obtains Resident status on the basis of an application that included the sponsor's Affidavit of Support. 8 C.F.R. § 213a.2(e)(1).

**Plaintiff's immigration to the United States.**

40. Exhibits 1, 2, 3, & 4 to this complaint are true and correct copies of documents obtained from Ms. Mao's USCIS "Alien File" via a Freedom of Information Act Request.[2]

41. Ms. Mao and Mr. Bright were married on May 2, 2013 in Wuhan, China.

42. Ms. Mao and Mr. Bright have one child together, B.C.B., born xx/xx/2013.

43. B.C.B. was born in China but was a U.S. citizen by operation of law, given Mr. Bright's status as a U.S. citizen and meeting other statutory criteria for transmission of citizenship status.

44. Ms. Mao was admitted to the United States on a B-2 category visa on November 5, 2015.

---

[2] An Exhibit list is provided on the last page of this Complaint for ease of reference. Redaction marks ("Redacted") have been added by Plaintiff's counsel to comply with Fed. R. Civ. Pro. 5.2.

45. Exhibit 2 is a copy of the U.S. Customs and Border Protection Form I-94 arrival record for Ms. Mao's November 5, 2015 admission, as contained in her Alien File.

46. Mr. Bright thereafter commenced the process of facilitating Ms. Mao's immigration to the United States.

47. On October 11, 2016, Mr. Bright signed a U.S. Citizenship and Immigration Services ("USCIS") Form I-130, Petition for Alien Relative (the "Visa Petition").

48. Exhibit 3 is a copy of the Visa Petition, as contained in Ms. Mao's Alien File.

49. The Visa Petition listed Plaintiff as the intending immigrant beneficiary of the petition. Exhibit 3, p. 1.

50. Mr. Bright was represented by attorney Allison Spitz-Perry of New York, New York (bar number 265676) with respect to the preparation and filing of the Visa Petition.

51. Mr. Bright caused the signed Visa Petition to be transmitted to USCIS.

52. By filing the Visa Petition, Mr. Bright initiated the process of securing United States Residency status for Ms. Mao.

53. On October 10, 2016, Ms. Mao signed a USCIS Form I-485, Application to Register Permanent Residence of Adjustment Status (the "Residency Application").

54. Exhibit 4 is a copy of the Residency Application, as contained in Ms. Mao's Alien File.

55. Under the "Application Type or Filing Category," Ms. Mao indicated that her application was based on being the spouse of a U.S. citizen. Exhibit 4, p. 1.

56. Ms. Mao's Residency application was based on Mr. Bright's Visa Petition as but for the Visa Petition, she would not have qualified to file the Residency Application based on the class of admission listed therein.

57. Ms. Mao was represented in the preparation and filing of the Residency Application by attorney Allison Spitz-Perry, who jointly represented both Ms. Mao and Mr. Bright.

58. The Residency Application was filed with USCIS.

59. Ms. Mao did not qualify for any of the grounds listed at 8 C.F.R. § 213a.2(a)(2)(ii) that could have exempted her from the requirement to file an Affidavit of Support.

60. On October 11, 2016, Mr. Bright signed an Affidavit of Support, listing Ms. Mao as the intending immigrant beneficiary (the "Affidavit of Support").

61. A copy of the Affidavit of Support along with the supporting financial records filed in support thereof, as contained in Ms. Mao's Alien File is attached as Exhibit 1.

62. Mr. Bright was represented by attorney Allison Spitz-Perry with respect to the preparation and filing of the Affidavit of Support.

63. Upon information and belief, Mr. Bright's attorney provided him with legal advice concerning the implications of executing the Affidavit of Support, in compliance with the applicable standard of professional care.

64. Mr. Bright caused the Affidavit of Support to be filed with USCIS in support of Ms. Mao's Residency Application.

65. Upon being filed in support of the Residency application, the Affidavit of Support was deemed executed and is an enforceable contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

66. In support of the Affidavit of Support, Mr. Bright filed proof of his income in the form of documentation of his federal income tax filings with the Internal Revenue Service.

67. The Affidavit of Support was reviewed by USCIS personnel at the National Benefits Center and noted "Reviewed/Qualified by NBC" on its first page.

68. On February 16, 2017, USCIS approved the Visa Petition. Exhibit 3, p. 1.

69. On February 16, 2017, USCIS approved the Residency Application. Exhibit 4, p. 1.

70. Ms. Mao became a Resident on February 16, 2017.

71. Exhibit 7 is a copy of Ms. Mao's USCIS Resident card.

72. Ms. Mao remains in status as a U.S. Resident.

**Defendants' breach of contract.**

73. Mr. Bright's duties under the Affidavit of Support commenced on February 16, 2017.

74. Ms. Mao's Resident status was based on an application that included the Affidavit of Support.

75. The Affidavit of Support was "executed" and is therefore an enforceable contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

76. Mr. Bright has made no payments of support pursuant to his duty under the Affidavit of Support.

77. Ms. Mao's income for 2018, 2019, 2020 and 2021 is summarized in her Social Security statement attached as Exhibit 5.

78. Ms. Mao's damages are summarized in a table reproduced in the Appendix.

79. In 2018, 125% of the poverty line was $15,175

80. In 2018, Ms. Mao earned $4,351.

81. In 2018, Ms. Mao has suffered direct damage in the amount of $10,824

82. In 2019, 125% of the poverty line was $15,612.

83. In 2019, Ms. Mao earned $9,750.

84. In 2019, Ms. Mao has suffered direct damage in the amount of $5,862

85. In 2020, 125% of the poverty line was $15,950.

86. In 2020, Ms. Mao earned $1,572

87. In 2020, Ms. Mao has suffered direct damage in the amount of $14,378.

88. In 2021, 125% of the poverty line was $16,100.

89. In 2021, Ms. Mao earned $5,037.

90. In 2021, Ms. Mao has suffered direct damage in the amount of $11,063.

91. Ms. Mao has suffered direct damages in the amount of $42,127 through December 31, 2021.

92. In 2022, 125% of the poverty line is $1,416/month.

93. Ms. Mao has suffered direct damages in the year 2022 in an amount to be determined at trial based on the poverty line to be promulgated for this calendar year.

94. On May 3, 2022, through counsel, Ms. Mao contacted Mr. Bright about her claims under the Affidavit of Support.

95. Exhibit 6 is a copy of Ms. Mao's May 3, 2022, demand letter.

96. Ms. Mao presented the legal basis for her claim under the Affidavit of Support, along with an accounting of Mr. Bright's liability under the contract. *See* Exhibit 6

97. Through counsel, Mr. Bright has acknowledged Ms. Mao's claim, but to date has offered no compensation to Ms. Mao pursuant to her claim under the Affidavit of Support.

**Facts concerning Terminating Events.**

98. No event has occurred that would constitute a Terminating Event under the Affidavits of Support.

99. First Terminating Event has not occurred because Ms. Mao has not become a U.S. citizen.

100. The Second Terminating Event has not occurred because Ms. Mao has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

101. The Third Terminating Event has not occurred because Ms. Mao has not both lost status as a permanent resident and departed from the U.S.

102. The Forth Terminating Event has not occurred because the Ms. Mao is not both subject to an order of removal and has also applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of support (if required).

103. The Fifth Terminating Event has not occurred because Ms. Mao is alive.

104. Mr. Bright's duties under the Affidavits of Support remain in effect.

## VII. CLAIMS FOR RELIEF

**1 – Breach of contract.**

105. Ms. Mao re-alleges and incorporates all paragraphs above as though fully stated herein.

106. By executing the Affidavit of Support, Mr. Bright entered into an express written contract with the United States Government.

107. Ms. Mao is a third-party beneficiary of the Affidavit of Support.

108. Ms. Mao has standing as third-party to enforce her rights under the Affidavit of Support.

109. Under the express terms of the Affidavit of Support, Mr. Bright agreed to provide Ms. Mao with any support necessary to maintain her at an income that is at least 125 percent of the poverty line for her household size.

110. Mr. Bright's responsibility to provide income support commenced on February 16, 2017 when Plaintiff became a lawful permanent resident of the United States.

111. All conditions precedent to Defendant's duty to perform on the Affidavit of Support were fulfilled as of February 16, 2017.

112. Mr. Bright has breached the Affidavit of Support by failing to provide income support to Ms. Mao.

113. As a result of Mr. Bright's breach, Ms. Mao has suffered damages in an amount to be determined at trial.

## VIII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Entry of judgment against the Defendants and in favor of Plaintiff on each and every cause of action asserted herein.

B. An award of actual damages in the amount of $42,127 through December 31, 2021.

C. An award of actual damages in an amount equivalent to 125% of the poverty line for a household size of one, minus Ms. Mao's income, for the period from January 1, 2022, to the date on which judgment issues.

1  D.    A declaration that Plaintiff is entitled to continued receipt of financial
2  support from Defendant in the amount of 125% the poverty line for her
3  household size, less actual income, until the occurrence of one of the Terminating
4  Events.
5  E.    An order of specific performance, requiring Defendants to make monthly
6  payments to Plaintiff for the amount set forth in Paragraph D above, until such
7  time as a Terminating Event occurs. That such payments shall be due by the
8  fifth calendar day of each month and deposited in an account identified by
9  Plaintiff for that purpose.
10 F.    An award of all Plaintiff's attorney fees and costs per 8 U.S.C. § 1183a(c)
11 and the fee and cost provision within the Affidavit of Support contracts.
12 G.    The right to amend this complaint to conform to the evidence presented at
13 trial.
14 H.    Such other and further relief in Plaintiff's favor as the Court may deem
15 just and equitable under the circumstances.

16 Dated: July 27, 2022,

| By: /s/Greg McLawsen | By: /s/Jennifer E. Nimer |
|---|---|
| Greg McLawsen | Jennifer E. Nimer |
| SBA (Washington) #41870 | (0079475) |
| *Pro hac vice admission pending* | |
| | NIMER LAW LLC |
| SOUND IMMIGRATION | 6500 Emerald Pkwy, Suite 100 |
| 113 Cherry St., ECM# 45921 | Dublin, OH 43016 |
| Seattle, WA 98104-2205 | |
| | Tel. (614) 927-0270 |
| Tel. (855) 809-5115 | jnimer@nimerlaw.com |
| greg@soundimmigration.com | |

COMPLAINT – Page 16

## Appendix

*The following table is provided for ease of reference and does not constitute an independent allegation.*

| Summary of direct damages | | | |
|---|---|---|---|
| Year | Income | 125% poverty line | Shortfall |
| 2018 | $4,351 | $15,175 | $10,824 |
| 2019 | $9,750 | $15,612 | $5,862 |
| 2020 | $1,572 | $15,950 | $14,378 |
| 2021 | $5,037 | $16,100 | $11,063 |
| 2022 | TBD | $1,416/mo | TBD |
| | | | **$42,127.00** |

## Exhibit list

*The following list is provided for ease of reference and does not constitute an independent allegation. All redactions in the exhibits marked "Redacted" were added to comply with Fed. R. Civ. Pro. 5.2.*

**Exhibit 1** – Affidavit of Support

**Exhibit 2** – CBP Form I-94 Record of Arrival

**Exhibit 3** – Visa Petition

**Exhibit 4** – Residency Application

**Exhibit 5** – Social Security statement

**Exhibit 6** – Initial demand letter

**Exhibit 7** – Resident card.

[The remainder of this page is intentionally left blank]